UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK RICHARD BIERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV1034 HEA |
| ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for disability insurance benefits and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385 . For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

## **Facts and Background**

Plaintiff was 51 years old at the time of the hearing. He has a high school education. Plaintiff had past work experience in collections and customer service. Plaintiff testified that he suffers from depression and PTSD, which may be associated with a carjacking incident . He also stated he has difficulty focusing on

simple tasks and has aches in both knees. Plaintiff lives with his mother in her home and rarely goes outside. He prepares meals for himself and does yard work around the house. He has no driver license and therefore is unable to drive.

Ms. Gonzales, a Vocational Expert testified, based upon a hypothetical presented by the ALJ, at the hearing as well. There were no physical restrictions in the hypothetical and the claimant could carry out simple instructions and detailed tasks. The hypothetical also included that he can respond appropriately to supervisors and coworkers in a task oriented setting where contact with others is casual and infrequent. In addition , there could be no work in a setting which included constant, regular contact with the general public and no performance of any work which included more than infrequent handling of customer complaints. This included not working in close proximity to alcohol or controlled substances.

The ALJ concluded, based upon the inquiry of the Vocational Expert, that Plaintiff retained the Residual Functional Capacity to perform a full range of work at all exertional levels but with nonexertional limits: he can understand , remember, and carry out at least simple instructions and non-detailed tasks. He can respond appropriately to supervisors and co-workers in a task oriented setting where contact with others is casual and infrequent. He should not work in a setting that includes constant/regular contact with the general public. The ALJ further concluded that Plaintiff should not perform work that includes more than

infrequent handling of customer complaints and he should not work in close proximity to alcohol or controlled substances.

The ALJ found Plaintiff had the severe impairments that included hypomania, bipolar affective disorder, post-traumatic stress disorder (PTSD), depressive disorder not otherwise specified, and cluster B traits with antisocial personality traits. The ALJ found he did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ therefore concluded Plaintiff was not disabled.

The Appeals Council denied his request for review on March 31, 2014.The decision of the ALJ is now the final decision for review by this court.

**Statement of Issues**

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the ALJ did not properly evaluate Plaintiff's credibility, and did not properly determine Plaintiff's RFC.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At

Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*.

Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

### ALJ Decision

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity during the period from the alleged amended onset date of January 26, 2011. The ALJ found at Step Two that Plaintiff had the severe impairments of hypomania, bipolar affective disorder, post-traumatic stress disorder (PTSD). Depressive disorder not otherwise specified, and cluster B traits with antisocial personality traits.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can

understand, remember, and carry out at least simple instructions and non-detailed tasks. The claimant can respond appropriately to supervisors and coworkers in a task-oriented setting where contact with others is casual and infrequent. The claimant should not work in a setting that includes constant/regular contact with the general public. The claimant should not perform work that includes more than infrequent handling of customer complaints. He should not work in close proximity to alcohol or controlled substances.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing past relevant work as the demands of that work exceeds his residual functional capacity.

Finally, at Step five, the ALJ found, considering Plaintiffs' age, education, work experience, and residual functional capacity, that Plaintiff could perform other work that existed in significant numbers in the national economy. The ALJ concluded as well that the Vocational Expert's testimony was consistent with the information set out in the Dictionary of Occupational Titles. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in his Applications.

**Judicial Review Standard**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*,

564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and

conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

### Discussion

A. Did the ALJ properly evaluate Plaintiff's credibility?

The essence of Plaintiff's position on this query is that the ALJ failed to assess the credibility of his allegations consistent with agency regulations and applicable Eighth Circuit law. The record, however, belies such a position and renders it without effect.

The ALJ analyzed and discussed each of Plaintiff's alleged impairments and complaints (Tr. 11,13-17). The ALJ referenced the factors which must be considered in evaluating a claimant's credibility. Specific analysis was then set out as to Plaintiff's statements in the disability report and at the hearing. Lastly the ALJ provided a thorough discussion of the medical records which set out Plaintiff's medical history and medical findings. There was a lack of medical evidence supporting the allegations. These included mild or normal diagnostic findings; mental status examinations which reflected normal or minimal findings; recommendations for conservative treatment; unremarkable physical examinations. There were also medical findings of Plaintiff doing well with psychotropic medications and no side effects. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) ("[L]ack of objective medical evidence is a factor an ALJ may

consider."); *Kisling v. Chater* , 105 F.3d 1255, 1257 (8th Cir. 1997) (The Eighth Circuit has held that allegations of disabling pain may be properly discounted because of inconsistencies such as minimal or conservative medical treatment.). Consistent with the holding in *Martise v. Astrue,* 641 F.3d 909, 923 (8th Cir. 2011), the ALJ fulfilled the duty to evaluate the severity of Plaintiff's impairments.

Credibility questions concerning a claimant's subjective testimony are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). In analyzing a claimant's subjective complaints, the ALJ considers the entire record, including the medical records; third party and Plaintiff's statements; the claimant's daily activities; the duration, frequency and intensity of pain or other subjective complaints; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. *See* 20 C.F.R. §§ 404.1529, 416.929; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The Eighth Circuit has held that although the *Polaski* factors "must be taken into account, the ALJ's decision need not include a discussion of how every *Polaski* factor relates to the claimant's credibility." *Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007); *Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007) ("[W]e have not required the ALJ's decision to include a discussion of how every *Polaski* 'factor' relates to the claimant's credibility.").

The ALJ wrote extensively on the analysis within, and from , the record of Plaintiff's statements and medical record. *See, e.g., Wiese v. Astrue*, 552 F.3d 728, 733-34 (8th Cir. 2009) ("Indeed, the ALJ wrote nearly four full pages of analysis regarding the consistency between Wiese's self-reports contained in the record, her treating physicians' notes and assessments, the medical evidence and the hearing testimony. In doing so, the ALJ provided a thorough analysis of the inconsistencies she noted in the record, and those inconsistencies are supported by the record."). The record patently supports the conclusion that the ALJ properly evaluated Plaintiff's credibility.

B. Did the ALJ properly evaluate the Plaintiff's RFC?

Plaintiff asserts the ALJ should have included additional limitations from Plaintiff's conditions in the RFC. As noted by counsel for Defendant it is unclear as to what Plaintiff considers as deficient in the RFC found by the ALJ. Plaintiff

The ALJ found, as demonstrated by the record and a thorough analysis of same, that Plaintiff's credible impairments allowed him to perform the full range of work at all exertional levels with understanding, remembering, and carrying out at least simple instructions and non-detailed tasks and responding appropriately to supervisors and coworkers in a task-oriented setting where contact with others is casual and infrequent. Plaintiff should not work in a setting that includes constant/regular contact with the general public; should not perform work that

includes more than infrequent handling of customer complaints; and should not work in close proximity to alcohol or controlled substances. A RFC is the most a claimant can do despite the combined effect of all credible limitations. The claimant, of course, has the burden to prove the RFC at step four of the sequential evaluation, and the ALJ determines it based on all relevant evidence. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004).

    The RFC is a determination based on all the record evidence. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citation omitted); *Dykes v. Apfel*, 228 F.3d 865, 866-67 (8th Cir. 2000) (per curiam) (citations omitted), and not solely medical evidence. The RFC is a part of the medical portion of a disability adjudication as opposed to a vocational portion, which involves consideration of age, education, and work experience.

    Although Plaintiff asserts the ALJ did not include work restrictions that corresponded to the finding of moderate limitations in concentration, persistence, and pace , there is no evidence in the record which is supportive of the assertions.

    The findings of the ALJ relative any limitations from mental impairments noted in the record were consistent with the Plaintiff's statements concerning his daily living activities. It was also consistent with the opinion of the state medical consultant who was given great weight by the ALJ.

It is, again noted , that Plaintiff has the burden to prove the RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). The ALJ is not required to adopt Plaintiff's unsupported subjective complaints. *See*, *Perkins v. Astrue*, 648 F.3d 892, 902 (8th Cir. 2011). The ALJ, however, included considerable mental limitations in the RFC. The ALJ fully discussed the medical and other evidence of record supporting the RFC finding. *See, McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (affirming ALJ's residual functional capacity determination where it was consistent with the medical records and the observations of treating physicians and others). Accordingly, the ALJ's RFC determination was supported by substantial evidence of record.

C. <u>WAS THE ALJ'S DETERMINATION THAT PLAINTIFF COULD PERFORM OTHER WORK SUPPORTED BY SUBSTANTIAL EVIDENCE</u>.

The ALJ posed a proper hypothetical question to the vocational expert based on all of Plaintiff's credible limitations. The vocational expert testified that such an individual could perform other work that existed in significant numbers, including the jobs of housekeeper/cleaner and hand presser. Because the hypothetical question included those impairments the ALJ found credible and excluded those he discredited for legally sufficient reasons, the vocational expert's testimony that Plaintiff could perform work existing in significant numbers, was substantial

evidence in support of the ALJ's determination. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011); *Gragg v. Astrue*, 615 F.3d 932, 941 (8th Cir. 2010).

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of May, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE